UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>Julio BELTRAN-Lay,<br><br>        Defendant | Magistrate Docket No.<br><br>**07 MJ 2524**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **October 22, 2007**, within the Southern District of California, defendant, **Julio BELTRAN-Lay**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 24th DAY OF <u>October 2007.</u>
29th

Barbara L. Major
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On October 22, 2007, Border Patrol Agent E. Hunt was performing linewatch duties in the Chula Vista Border Patrol Area of Responsibility. At approximately 5:15 a.m., Sector Radio broadcasted a citizen's report of an individual detained near the Richard J. Donovan Correctional Facility by a Correctional Officer. Agent Hunt responded to the citizen's call at Richard J. Donovan Correctional Facility. Richard J. Donovan Correctional Facility is located approximately one mile east of the Otay Mesa, California Port of Entry and approximately two miles north of the United States/Mexico International Boundary. When Agent Hunt arrived, Correction Officer Sergeant J. Averett had the individual detained approximately 200 yards east of the guard shack. Sgt. Averett stated that he stopped the individual because he was trespassing and thought it might be an inmate trying to escape from the facility. After a brief interview with the individual, Sgt. Averett stated to Agent Hunt that he determined he was not an inmate of the Correctional Facility. Agent Hunt then approached the individual and identified himself as a United States Border Patrol Agent and questioned him as to his citizenship and nationality. When asked of what country he was a citizen, the individual, later identified as the defendant **Julio BELTRAN-Lay**, answered "United States Citizen." When asked if he had any identification, the defendant answered "No." Agent Hunt then asked the defendant United States citizen questions concerning common knowledge that a United States citizen would know. The defendant was not able to answer them. His answers were confused and contradictory. Agent Hunt detained the defendant and transported him to the Chula Vista Border Patrol Station for further investigation.

At the station, the defendant's fingerprints and photograph were entered into the system in order to ascertain his identification. Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on October 10, 2007** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

Executed on October 23, 2007 at 8:30 a.m.

Terri L. Dimolios
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of **two** pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **October 22, 2007**, in violation of Title **8**, United States Code, Section 1326.

Ruben B. Brooks
United States Magistrate Judge

10/23/2007 at 9:25 a.m.
Date/Time